[Civ. No. 17683.   First Dist., Div. Two.   June 17, 1958.]

Estate of JOHN WILLIAM TRAINER, Deceased. STANLEY TORME, Appellant, v. MARGARET DUNCAN et al., Respondents.

Darwin & Peckham and Robert F. Peckham for Appellant.

Robert L. Ward, Sturgis, Den-Dulk, Douglass & Anderson and John D. Den-Dulk for Respondents.

DOOLING, J.—This is an appeal by a residuary legatee from the decree determining heirship in favor of specific legatees Margaret and John Duncan, husband and wife.

The will, drawn by an attorney, devised one described parcel of real property to Margaret and another described parcel to Margaret and John in joint tenancy.  Subsequently both parcels were sold and the testator received in each case a note for the balance of the purchase price secured by deed of trust on the parcel sold.  The probate judge determined that the unpaid balance of each note so secured by deed of trust passed to Margaret and John Duncan under the will.

Appellant takes the position that by the sales of the subject

matter of the two devises they were adeemed. (Prob. Code, § 73.)

Respondents rely on Probate Code, section 78, and *Estate of Moore*, 135 Cal.App.2d 122 [286 P.2d 939], to support the finding of the probate court that as to the unpaid balances of the two promissory notes secured by deed of trust on the parcels of real property specifically devised to them there was no ademption.

Probate Code, section 78, reads: "Neither a charge or encumbrance placed by a testator upon property previously disposed of by his will, for the purpose of securing the payment of money or the performance of any covenant or agreement, *nor a conveyance,* settlement, or other act of a testator, *by which his interest in any such property is altered, but not wholly divested,* is a revocation of the disposal; but the property, subject to such charge or encumbrance, or *the remaining interest therein,* passes by the will." (Emphasis ours.)

In *Estate of Moore, supra,* 135 Cal.App.2d 122, 128-134, the court considered the effect of this section in an identical situation and held that a specific devise of real property was not adeemed as to the amount secured by deed of trust upon such property, pointing out that the creditor-devisor does have an interest in the real property since the title is held by the trustee for his benefit. The court in that case noticed that this result was not in harmony with the "preponderance of authority throughout the states" (135 Cal. App.2d p. 128), but after a thorough consideration of the California cases concluded that under California law "(t)he vendor's interest in the property has been 'altered, but not wholly divested' by a sale with trust deed back." (135 Cal. App.2d p. 132.) We are satisfied with the reasoning and conclusion of the court in that case and feel that nothing can be added by further discussion.

Appellant attempts to distinguish the case before us from *Estate of Moore* on two grounds: 1. In Moore the will was holographic while the will before us was drawn by an attorney, and 2. in Moore an ademption would have resulted in partial intestacy since in that case the will contained no residuary clause as does the will before us. While the court in Moore referred to these facts, basically its decision did not depend upon them, but on the broad conclusion with which we are in complete agreement that by virtue of the deed of trust the devisor has a "remaining interest" in the real property

which by the terms of Probate Code, section 78, "passes by the will."

Decree affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1958.